IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RICHARD NIELSEN**,

       Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY**,

       Defendant.

No. 3:15-cv-01528-JE

OPINION AND ORDER

**MOSMAN, J.**,

On February 24, 2017, Magistrate Judge John Jelderks issued his Findings and Recommendation ("F&R") [22], recommending that the Commissioner's decision should be AFFIRMED. Mr. Nielsen objected [24] and the Commissioner responded [27].

**LEGAL STANDARD**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See*

1 – OPINION AND ORDER

*Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Upon careful review, I agree with Judge Jelderks's recommendation. I write briefly, however, to respond to Mr. Nielson's objections.

First, Mr. Nielson objects to Judge Jelderks's finding that the ALJ did not improperly reject Mr. Nielson's subjective symptom testimony related to his hernia. Specifically, the ALJ determined that Mr. Nielson's allegations are "generally credible reflections of his functioning in the context of extensive alcohol abuse." In other words, while he believed Mr. Nielson's testimony about his symptoms, he determined the symptoms resulted from his alcohol abuse, not from his hernia. *See Parra v. Astrue*, 481 F.3d 742, 744-45 (9th Cir. 2007) ("Under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive disability benefits 'if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.'"). Absent the alcohol abuse, the ALJ determined that Mr. Nielson's residual functional capacity included the ability to perform light work with some limitations. Accordingly the ALJ determined at step four that Mr. Nielson could perform his prior work as a cashier.

Mr. Nielson argues that the ALJ and Judge Jelderks erred in failing to consider his claimed hernia symptoms during his period of sobriety. The specific symptoms at issue appear to be Mr. Nielson's alleged dizziness, and difficulty standing and lifting. Presumably, Mr. Nielson believes that his period of sobriety supports his argument that his subjective symptoms

are a result of his hernia and not his alcohol abuse. The evidence in the record, however, rationally supports the conclusion that Mr. Nielson's symptoms were less severe during his period of sobriety. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, . . . and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." (citations omitted)).

The ALJ determined that the evidence in the record suggested Mr. Nielson had been sober for two years until relapsing in July 2012. Mr. Nielson does not object to this finding. In July 2011, after being sober for approximately ten months, Mr. Nielson denied fatigue or malaise and in August he reported that he could walk 10 to 12 miles a day. Similarly, during his November 2013 hearing, Mr. Nielson testified that he "didn't start falling regularly until about a year ago. And before that it was only occasionally." Indeed, on October 8, 2013, he reported dizziness and falling after being intoxicated. This evidence, including Mr. Nielson's own testimony, supports the inference that his symptoms of fatigue and dizziness were less severe during his period of sobriety. Accordingly, the ALJ's determination that his subjective symptoms were reflective of his alcohol abuse and not his hernia is a rational interpretation of the evidence.

Second, Mr. Nielson objects to Judge Jelderks's determination that the ALJ did not err in failing to find Mr. Nielson's hernia to be a severe impairment. At step two, the ALJ must identify all severe medically determinable impairments, which are defined as having more than a minimal effect on the ability to do basic work activities. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); SSR 96-3p, 1996 WL 374181 (July 2, 1996). Where an ALJ fails to identify a severe impairment at step two but nonetheless considers at subsequent steps all of the claimant's

impairments, including the erroneously omitted severe impairment, the error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Mr. Nielsen object to Judge Jelderks's determination that the ALJ did not err in failing to find Mr. Nielsen's hernia to be a severe impairment at step two. Even if the ALJ erred at step two, however, I agree with Judge Jelderks that the error would be harmless because the ALJ, in crafting Mr. Nielsen's residual functional capacity, included restrictions for the symptoms that were credibly associated with the hernia. Mr. Nielson does not specifically object to this finding; instead, he argues that the ALJ's error at step two is a *per se* error. Mr. Nielson erroneously cites *Webb* to support this argument. *Webb*, however, concerns an ALJ's error in failing to find any severe impairments at step two. *See Webb*, 433 F.3d at 686-87. Here, the ALJ found other severe impairments at step two and incorporated in Mr. Nielsen's residual functional capacity some restrictions based on what he believed to be credible symptoms from Mr. Nielsen's hernia. Accordingly, *Lewis* counsels that any error in failing to include the hernia as a severe impairment at step two is harmless. *See Lewis*, 498 F.3d at 911.

## CONCLUSION

For the reasons stated above, I ADOPT Judge Jelderks's F&R [22] as my own opinion. The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this __16__ day of May, 2017.

/s/ Michael W. Mosman
_____
MICHAEL W. MOSMAN
Chief United States District Judge